Case 2:22-cv-00234   Document 1-2   Filed on 10/07/22 in TXSD   Page 1 of 14

Filed
8/25/2022 12:13 PM
Anne Lorentzen
District Clerk
Nueces County, Texas

CAUSE NO. 2022DCV-3144-E _____

| | | |
|---|---|---|
| JOANNA GARCIA | § § § | IN THE DISTRICT COURT OF |
| Plaintiff, | § § | |
| VS. | § § | _____ JUDICIAL DISTRICT |
| SAM'S CLUB WEST, INC., SAM'S CLUB EAST INC., WALMART STORES TEXAS, LLC | § § § § § | |
| Defendants. | § § | NEUCES COUNTY, TEXAS |

## PLAINTIFF JOANNA GARCIA'S ORIGINAL PETITION

**TO THE HONORABLE JUDGE OF SAID COURT:**

NOW COMES, Joanna Garcia ("Plaintiff") complaining of Sam's Club West, Inc., Sam's Club East Inc., and Wal-Mart Stores Texas, LLC ("Defendants") for cause of action would respectfully show unto the Court as follows:

### I.
### DISCOVERY CONTROL PLAN

1. The Plaintiff, Joanna Garcia, intends that discovery be conducted under Level 3 of Rule 190 Texas Rules of Civil Procedure.

### II.
### PARTIES

2. The Plaintiff, Joanna Garcia, is an individual residing in Neuces County, Texas.

3. The Defendant, **Sam's Club West, Inc.** is a is a foreign corporation authorized to do business in the State of Texas and may be served with process by proper citation being mailed via Certified Mail Return Request Requested or by a qualified officer or private process server to

---

tPLAINTIFF JOANNA GARCIA'S ORIGINAL PETITION WITH REQUESTS FOR DISCLOSURE                    P A G E | 1

the Texas Secretary of State under § 17.044 of the Texas Civil Practice & Remedies Code to the following: Service of Process, Secretary of State, P.O. Box 12079, Austin, Texas 78711-2079. Texas Secretary of State will then provide notice of this service to said Defendant. **(Citation Requested).**

4. The Defendant, **Sam's Club East, Inc.** is a foreign corporation authorized to do business in the State of Texas and may be served with process by proper citation being mailed via Certified Mail Return Request Requested or by a qualified officer or private process server to the Texas Secretary of State under § 17.044 of the Texas Civil Practice & Remedies Code to the following: Service of Process, Secretary of State, P.O. Box 12079, Austin, Texas 78711-2079. Texas Secretary of State will then provide notice of this service to said Defendant. **(Citation Requested).**

5. The Defendant, **Wal-Mart Stores Texas, LLC**, is a corporation organized under the laws of Delaware always doing business in the State of Texas relevant and material to this lawsuit. Service of process upon this Defendant may be accomplished at: **CT Corporation System, 1999 Bryan St., Ste. 900, Dallas, Texas 75201 (Citation Requested).**

## III.
## JURISDICTION AND VENUE

6. Jurisdiction is proper in this Court because the amount in controversy is within the Court's jurisdictional limits. Additionally, this Court has jurisdiction over the parties because the Plaintiff, Joanna Garcia, is a resident of the State of Texas currently and was also a resident of the State of Texas at the time of the incident giving rise to the filing of this lawsuit. Finally, the Court has jurisdiction over the parties because the Defendants in this matter conduct business in Texas.

7.     Venue is proper in Neuces County, Texas under § 15.002(a)(1) of the Civil Practice & Remedies Code because all or a substantial part of the events or omissions giving rise to the claims occurred in Neuces County, Texas.

## IV.
## FACTS

8.     This cause of action arises out of bodily injuries caused by the Defendant's negligence occurring in Corpus Christi, Texas, which is located in Nueces County on or about August 6, 2021. On this date in question, the Plaintiff, Joanna Garcia, received bodily injuries due to slipping and falling inside Sam's Club Store #18267 located at 4833 South Padre Island Drive, Corpus Christi, Texas 78411 because of liquid detergent on the floor This resulted in the Plaintiff, Joanna Garcia, incurring bodily injuries to her upper and lower extremities. There were no warning signs or employees at Sam's Club Store #18267 that provided any warning concerning the condition of the store's floor where the Plaintiff, Joanna Garcia, slipped and fell.

9.     At all times material herein, Defendants occupied, controlled and/or managed the premises or cleaned the area in question. Defendants also owed a duty to the Plaintiff, Joanna Garcia, who was an invitee of Defendant, to use ordinary care in inspecting the premises and making repairs in such a manner that the risk of harm posed on the premises would be reduced or eliminated. Thus, Defendants are liable for (1) its failure to use ordinary care in keeping the premises in a reasonably safe condition; and (2) the significant physical harm caused by the Defendants negligent maintenance of the property.

10.     The injuries to the Plaintiff, Joanna Garcia's upper and lower extremities inclusive of her mid and lower back on August 6, 2021, was proximately caused by the negligence and gross negligence of Defendants, and by and through their officers, employees, representatives, and

agents, for creating a condition, wherein the liquid detergent on the store floor posed an unreasonable risk of harm, which Defendants knew or should have known of the danger. Defendants breached their duty of ordinary care by both failing to adequately warn the Plaintiff, Joanna Garcia, of the condition and failing to make the condition reasonably safe. As a result of the dangerous condition of the store's floor inside Sam's Club Store #18267 located at 4833 South Padre Island Drive, Corpus Christi, Texas 78411, the Plaintiff, Joanna Garcia, received bodily injuries only because of Defendant' negligence.

## V.
## CONDITIONS OF PRECEDENT

11.     All conditions precedent to recovery have been performed or have occurred.

## VI.
## PLAINTIFF JOANNA GARCIA'S CAUSES OF ACTION AGAINST DEFENDANT SAM'S CLUB WEST

12.     Each of these acts and/or omissions, whether taken singularly or in any combination constitutes negligence and gross negligence which proximately caused the collision and injuries and other losses as specifically set forth herein, all of which the Plaintiff, Joanna Garcia, suffered and which the Plaintiff, Joanna Garcia, will continue to suffer in the future, if not for the remainder of her natural life.

13.     The store floor inside of Sam's Club Store #18267 located at 4833 South Padre Island Drive, Corpus Christi, Texas 78411, was a dangerous condition, which Defendant **SAM'S CLUB WEST, INC.** new or should have reasonably known posed a danger to its invitees like the Plaintiff, Joanna Garcia. Defendant Sam's Club West, Inc., is jointly and severally responsible for each and every of the following acts of negligence:

    a.    Failing to warn invitees, including Plaintiff, of the hazards of an unreasonably dangerous condition caused by spilled liquid detergent on the floor of Defendant's premises;

    b.    Failure to inspect the floor and properly maintain it;

    c.    Allowing a dangerous condition to exist, so that Plaintiff would fall and be injured;

    d.    Failing to provide for the safety of Plaintiff under the circumstances;

    e.    Failing to warn invitees, including the Plaintiff, that the area in question should be approached with caution;

    f.    Negligently maintaining the area in question in such a way so as to constitute a negligent activity;

    g.    Failing to warn invites, including the Plaintiff that there was a dangerous condition which required extra care to be taken while walking through that area;

    h.    Failing to maintain the premises in a reasonably safe condition for Plaintiff and other invitees; and

    i.    Failing to remove the dangerous condition or warn of its existence.

14.    Each of these acts and/or omissions, whether taken singularly or in any combination constitutes negligence and gross negligence which the Defendant **SAM'S CLUB WEST, INC.**, in the exercise of ordinary care, knew or should have known, and proximately caused the injuries and other losses as specifically set forth herein, all of which the Plaintiff, Joanna Garcia, suffered.

## VII.
## PLAINTIFF JOANNA GARCIA'S CAUSES OF ACTION AGAINST DEFENDANT SAM'S CLUB EAST, INC.

15.    Each of these acts and/or omissions, whether taken singularly or in any combination constitutes negligence and gross negligence which proximately caused the collision and injuries and

other losses as specifically set forth herein, all of which the Plaintiff, Joanna Garcia, suffered and which the Plaintiff, Joanna Garcia, will continue to suffer in the future, if not for the remainder of her natural life.

16. The store floor inside of Sam's Club Store #18267 located at 4833 South Padre Island Drive, Corpus Christi, Texas 78411, was a dangerous condition, which Defendant **SAM'S CLUB EAST, INC.** new or should have reasonably known posed a danger to its invitees like the Plaintiff, Joanna Garcia. Defendant Sam's Club East, Inc. is jointly and severally responsible for each and every of the following acts of negligence:

    a. Failing to warn invitees, including Plaintiff, of the hazards of an unreasonably dangerous condition caused by spilled liquid detergent on the floor of Defendant's premises;

    b. Failure to inspect the floor and properly maintain it;

    c. Allowing a dangerous condition to exist, so that Plaintiff would fall and be injured;

    d. Failing to provide for the safety of Plaintiff under the circumstances;

    e. Failing to warn invitees, including the Plaintiff, that the area in question should be approached with caution;

    f. Negligently maintaining the area in question in such a way so as to constitute a negligent activity;

    g. Failing to warn invites, including the Plaintiff that there was a dangerous condition which required extra care to be taken while walking through that area;

    h. Failing to maintain the premises in a reasonably safe condition for Plaintiff and other invitees; and

    i. Failing to remove the dangerous condition or warn of its existence.

17. Each of these acts and/or omissions, whether taken singularly or in any combination constitutes negligence and gross negligence which the Defendant **SAM'S CLUB EAST, INC.**,

in the exercise of ordinary care, knew or should have known, and proximately caused the injuries and other losses as specifically set forth herein, all of which the Plaintiff, Joanna Garcia, suffered.

## VIII.
## PLAINTIFF JOANNA GARCIA'S CAUSES OF ACTION AGAINST DEFENDANT WAL-MART STORES TEXAS, LLC

18.   Each of these acts and/or omissions, whether taken singularly or in any combination constitutes negligence and gross negligence which proximately caused the collision and injuries and other losses as specifically set forth herein, all of which the Plaintiff, Joanna Garcia, suffered and which the Plaintiff, Joanna Garcia, will continue to suffer in the future, if not for the remainder of her natural life.

19.   The store floor inside of Sam's Club Store #18267 located at 4833 South Padre Island Drive, Corpus Christi, Texas 78411, was a dangerous condition, which Defendant **WAL-MART STORES TEXAS, LLC** knew or should have reasonably known posed a danger to its invitees like the Plaintiff, Joanna Garcia. Defendant Wal-Mart Stores Texas, LLC is jointly and severally responsible for each and every of the following acts of negligence:

   a.   Failing to warn invitees, including Plaintiff, of the hazards of an unreasonably dangerous condition caused by spilled liquid detergent on the floor of Defendant's premises;

   b.   Failure to inspect the floor and properly maintain it;

   c.   Allowing a dangerous condition to exist, so that Plaintiff would fall and be injured;

   d.   Failing to provide for the safety of Plaintiff under the circumstances;

   e.   Failing to warn invitees, including the Plaintiff, that the area in question should be approached with caution;

  f.  Negligently maintaining the area in question in such a way so as to constitute a negligent activity;

  g.  Failing to warn invites, including the Plaintiff that there was a dangerous condition which required extra care to be taken while walking through that area;

  h.  Failing to maintain the premises in a reasonably safe condition for Plaintiff and other invitees; and

  i.  Failing to remove the dangerous condition or warn of its existence.

20. Each of these acts and/or omissions, whether taken singularly or in any combination constitutes negligence and gross negligence which the Defendant **WAL-MART STORES TEXAS, LLC**, in the exercise of ordinary care, knew or should have known, and proximately caused the injuries and other losses as specifically set forth herein, all of which the Plaintiff, Joanna Garcia, suffered.

## IX.
## RESPONDEAT SUPERIOR

21. At all times material hereto, all of the agents, servants, and/or employees for Defendant, who were connected with the occurrence made the subject of this suit, were acting within the course and scope of their employment or official duties and in furtherance of the duties of their office or employment. Therefore, Defendants are further liable for the negligent acts and omissions of their employees under the Doctrine of Respondeat Superior.

## X.
## GROSS NEGLIGENCE AND EXEMPLARY DAMAGES

22. The conduct of the Defendants, individually and by and through its respective officers, employees, representatives, and agents, constituted gross negligence; meaning that which when viewed objectively from the standpoint of Defendants at the time of the alleged acts and/or

omissions herein involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others like the Plaintiff, Joanna Garcia; and of which the Defendants had actual, subjective awareness of the risk involved, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of others, including the Plaintiff, Joanna Garcia, and that the acts or omissions would, in all reasonably probability result in great bodily harm to invitees and customers such as the Plaintiff, Joanna Garcia.

23. The Plaintiff, Joanna Garcia, brings suit pursuant to Section 41.003(a)(3), Texas Civil Practice and Remedies Code, to recover punitive and exemplary damages against Defendant based on gross negligence as described herein and above and/or as defined by Texas law.

## XI.
## LIST OF DAMAGES FOR PLAINTIFF JOANNA GARCIA

24. The direct and proximate result of the collision, was due to the actions of the Defendants, on the evening of August 6, 2021, that constituted negligence, gross negligence, and negligence per se, which resulted in the Plaintiff, Joanna Garcia, suffering severe bodily injuries to her spine, neck, lumbar spine, back, legs, arms, hands, shoulders, upper extremities, lower extremities and other parts of her body generally. The injuries have had a serious effect on the Plaintiff, Joanna Garcia's health and well-being. Some of the effects are permanent and will abide with the Plaintiff, Joanna Garcia for a long time into the future, if not for her entire life. These specific injuries and their ill effects have, in turn, caused the Plaintiff, Joanna Garcia's physical and mental condition to deteriorate generally and the specific injuries and ill effects alleged have caused and will, in all reasonable probability, cause the Plaintiff, Joanna Garcia, to suffer consequences and ill effects of this deterioration throughout her body for a long time in the

future, if not for the balance of her natural life. As a further result of the nature and consequences of these injuries, the Plaintiff, Joanna Garcia, suffered great physical and mental pain, suffering and anguish and in all reasonable probability, will continue to suffer in this manner for a long time into the future, if not for the balance of her natural life.

25. As a further result of further result of all the above, the Plaintiff, Joanna Garcia, has incurred expenses for medical care and attention. These expenses were incurred for the necessary care and treatment of the injuries resulting from the incident complained of. The charges are reasonable and were the usual and customary charges made for such services in the County where they were incurred.

26. As a further result of the injuries sustained by the Plaintiff, Joanna Garcia, there is a reasonable probability that she will require further medical care and attention and will incur future reasonable and necessary expenses for her medical care and attention.

27. Additionally, as a direct result of her injuries, the Plaintiff, Joanna Garcia, has sustained lost wages in the past as well as a reduced earning capacity in the future as a direct result of the injuries she sustained which were all directly caused by the negligence and gross negligence of the Defendants.

28. By reason of all the above, the Plaintiff, Joanna Garcia, has suffered other losses and damages within the items listed below in the Plaintiff, Joanna Garcia's prayer. Such amount of damages identified in the Plaintiff, Joanna Garcia's Rule 47 Damages Notice are all within the jurisdictional limits of this Court for which he now sues.

29. Because of the nature and severity of the injuries sustained, the Plaintiff, Joanna Garcia, is entitled to monetary compensation for the damages in an amount within the jurisdictional limits of this Court, as set out further below, and which the jury deems just and fair, to include, the following

elements of damages which have occurred in the past and, in all reasonable probability, will be sustained in the future:

PLAINTIFF JOANNA GARCIA'S DAMAGES:

1. Pain and suffering in the past;
2. Pain and suffering in the future;
3. Mental anguish in the past;
4. Mental anguish in the future;
5. Past medical expenses;
6. Future medical expenses;
7. Physical impairment in the past;
8. Physical impairment in the future;
9. Physical disfigurement in the past, and
10. Physical disfigurement in the future.

## XII.
## PLAINTIFF JOANNA GARCIA'S NOTICE OF SELF AUTHENTICATION UNDER RULE 193.7

30. The Plaintiff, Joanna Garcia, further gives notice under Rule 193.7 of the Texas Rules of Civil Procedure that production of all documents by the Defendants, Sam's Club West, Inc., Sam's Club East, Inc., and Wal-Mart Stores Texas, LLC, in response to written discovery or any other form of production and that such production authenticates the documents for their use in trial or any pre-trial proceeding in this matter. The Plaintiff, Joanna Garcia, fully intends to use any and all documents produced by the Defendants, Sam's Club West, Inc., Sam's Club East, Inc., and Wal-Mart Stores Texas, LLC, as evidence at the time of trial, or in any pre-trial proceeding, and gives the Defendants, Sam's Club West, Inc., Sam's Club East, Inc., and Wal-Mart Stores Texas, LLC, notice of her intent.

## XIII.
## RULE 47 DAMAGES NOTICE FOR DEFENDANT SAM'S CLUB WEST, INC.

31.     Pursuant to Rule 47 of the TEXAS RULES OF CIVIL PROCEDURE, the Plaintiff, Joanna Garcia, seeks monetary relief within the jurisdictional limits of the Court. The Plaintiff, Joanna Garcia, seeks monetary relief in the amount of at least TWO HUNDRED AND FIFTY THOUSAND and not more than one million dollars and a demand for judgment for all the other relief to which she deems herself justly entitled at the time of filing this suit, which, with the passage of time may change and is within the Court's jurisdictional limits.

## XIV.
## RULE 47 DAMAGES NOTICE FOR DEFENDANT SAM'S CLUB EAST, INC.

32.     Pursuant to Rule 47 of the TEXAS RULES OF CIVIL PROCEDURE, the Plaintiff, Joanna Garcia, seeks monetary relief within the jurisdictional limits of the Court. The Plaintiff, Joanna Garcia, seeks monetary relief in the amount of at least TWO HUNDRED AND FIFTY THOUSAND and not more than one million dollars and a demand for judgment for all the other relief to which she deems herself justly entitled at the time of filing this suit, which, with the passage of time may change and is within the Court's jurisdictional limits.

## XV.
## RULE 47 DAMAGES NOTICE FOR DEFENDANT WAL-MART STORES TEXAS, LLC

33. Pursuant to Rule 47 of the TEXAS RULES OF CIVIL PROCEDURE, the Plaintiff, Joanna Garcia, seeks monetary relief within the jurisdictional limits of the Court. The Plaintiff, Joanna Garcia, seeks monetary relief in the amount of at least TWO HUNDRED AND FIFTY THOUSAND and not more than one million dollars and a demand for judgment for all the other relief to which she deems herself justly entitled at the time of filing this suit, which, with the passage of time may change and is within the Court's jurisdictional limits.

## XVI.
## INTEREST

34. The Plaintiff, Joanna Garcia, further requests both pre-judgment and post-judgment interest on all her damages as allowed by law.

## XVII.
## JURY DEMAND

35. The Plaintiff, Joanna Garcia, demands a trial by jury. The Plaintiff, Joanna Garcia, acknowledges payment this date of the required jury fee.

## XVIII.
## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, the Plaintiff, Joanna Garcia, requests that the Defendant be cited to appear and answer, and on final trial hereafter, the Plaintiff, Joanna Garcia, has judgment against Defendant in an amount within the jurisdictional limits of the Court, together with all pre-judgment and post-judgment interest as allowed by law, costs of Court, and for such other and further relief to which the Plaintiff, Joanna Garcia, may be justly entitled by law and equity, including, but not limited to:

1. Pain and suffering in the past;
2. Pain and suffering in the future;
3. Mental anguish in the past;
4. Mental anguish in the future;
5. Past medical expenses;
6. Future medical expenses;
7. Physical impairment in the past;
8. Physical impairment in the future;
9. Physical disfigurement in the past;
10. Physical disfigurement in the future;
11. Pre-judgment interest; and
12. Post-judgment interest.

Respectfully submitted,

/s/ Esteban Contreras
Esteban Contreras
Texas State Bar No. 24105619
The Law Offices of Glen F. Larson, PLLC
5113 Southwest Pkwy, Suite 190
Austin, Texas 78735
512-387-5436 (Office)
512-727-0999 (Fax)
service@glenlarsonlaw.com - (Service email)